1
2
3
4
5
6          **IN THE UNITED STATES DISTRICT COURT**
7             **FOR THE DISTRICT OF ARIZONA**
8

9   Maria Ortiz,                                    No. CV-12-00226-TUC-RCC

10                          Plaintiff,              **ORDER**

11  v.

12  Michael J. Astrue, et al.,

13                          Defendants.

14

15        Pending before the Court are Plaintiff's Opening Brief (Doc. 15), Defendant's

16  Opposition to Plaintiff's Opening Brief (Doc. 16), Plaintiff's Reply (Doc. 17), and

17  Magistrate Judge Charles R. Pyle's Report and Recommendation (R & R) (Doc. 20).

18  The parties did not file objections to Judge Pyle's R & R.  The Court accepts and adopts

19  Magistrate Judge Pyle's February 28, 2014 R & R (Doc. 20) as the findings of fact and

20  conclusions of law of this Court and remands this matter for further proceedings to

21  consider whether Plaintiff is disabled under the Social Security Act.

22  **I.      Background**

23        The factual and procedural background in this case is thoroughly detailed in

24  Magistrate Judge Pyle's R & R (Doc. 20).  This Court fully incorporates by reference the

25  "Background" section of the R & R into this Order.

26  **II.     Discussion**

27        The duties of the district court in connection with a R & R are set forth in Rule 72

28  of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1).  The district court

1    may "accept, reject, or modify the recommended disposition; receive further evidence; or

2    return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3); 28

3    U.S.C. § 636(b)(1).

4              Where the parties object to an R & R, "[a] judge of the [district] court shall make a

5    de novo determination of those portions of the [R & R] to which objection is made." 28

6    U.S.C. § 636(b)(1); *see Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).  When no objection

7    is filed, the district court need not review the R & R de novo.  *Wang v. Masaitis,* 416 F.3d

8    992, 1000 n. 13 (9th Cir.2005); *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121-22

9    (9th Cir. 2003) (en banc).   Therefore to the extent that no objection has been made,

10   arguments to the contrary have been waived.  *McCall v. Andrus,* 628 F.2d 1185, 1187

11   (9th Cir. 1980) (failure to object to Magistrate's report waives right to do so on appeal);

12   *see also,* Advisory Committee Notes to Fed.R.Civ.P. 72 (citing *Campbell v. United States*

13   *Dist. Court,* 501 F.2d 196, 206 (9th Cir. 1974) (when no timely objection is filed, the

14   court need only satisfy itself that there is no clear error on the face of the record in order

15   to accept the recommendation).

16             The Court will not disturb a magistrate judge's order unless his factual findings

17   are clearly erroneous or his legal conclusions are contrary to law. 28 U.S.C. §

18   636(b)(1)(A).  "[T]he magistrate judge's decision…is entitled to great deference by the

19   district court."  *U.S. v. Abonce-Barrera*, 257 F.3d 959, 969 (9th Cir. 2001).  A failure to

20   raise an objection waives all objections to the magistrate judge's findings of fact.  *Turner*

21   *v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998).  A failure to object to a Magistrate Judge's

22   conclusion "is a factor to be weighed in considering the propriety of finding waiver of an

23   issue on appeal."  *Id.*  (internal citations omitted).

24             Here, the parties have not objected to the R & R (Doc.  20), which relieves the

25   Court of its obligation to review.  *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121

26   (9th Cir. 2003); *Thomas v. Arn*, 474 U.S. 140, 149 (1985) ("[Section 636(b)(1) ] does not

27   ... require any review at all ... of any issue that is not the subject of an objection.");

28   Fed.R.Civ.P. 72(b)(3) ("The district judge must determine de novo any part of the

1   magistrate judge's disposition that has been properly objected to.").  This Court considers

2   the R & R to be thorough and well-reasoned.  After a thorough and de novo review of the

3   record, the Court will apdot the R & R of Magistrate Judge Pyle (Doc.  20).

4          Accordingly,

5          **IT IS HEREBY ORDERED** that Magistrate Judge Pyle's Report and

6   Recommendation (Doc. 20) is **ACCEPTED** and **ADOPTED** as the findings of fact and

7   conclusions of law by this Court.

8          **IT IS FURTHER ORDERED** that this matter is **REMANDED** for further

9   proceedings to consider whether Plaintiff is disabled under the Social Security Act.  Upon

10  remand, the ALJ shall consider vocational expert testimony regarding limitations on

11  handling and Dr. Wristen's 2011 opinion.  The ALJ shall also clarify the requirement that

12  Plaintiff needs to change positions.  The Clerk of the Court is directed to enter judgment

13  accordingly and close this case.

14         DATED this 24th day of March, 2014.

15

16

17                                  _____
                                     Raner C. Collins
18                                   Chief United States District Judge

19

20

21

22

23

24

25

26

27

28